UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| STEFAN TOUANI and NICK MAZZA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIMBLE SOLUTIONS, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [20] STIPULATED MOTION FOR PRELIMINARY APPROVAL OF FLSA SETTLEMENT**<br><br>Case No. 2:26-cv-00033<br><br>District Judge David Barlow |

Before the court is the parties' third Stipulated Motion for Approval of FLSA Settlement Agreement (the "Motion").[1]

## BACKGROUND

Plaintiffs are former employees of Defendant Limble Solutions, Inc. ("Limble").[2] They allege that Limble violated the Fair Labor Standards Act (FLSA) by misclassifying certain employees as exempt from overtime compensation and by failing to pay non-exempt employees the amount they were owed.[3] In May 2025, Plaintiffs informed Limble of the allegations, which Limble denied.[4] The parties subsequently negotiated a settlement agreement.[5]

---

[1] Stipulated Motion for Approval of FLSA Settlement Agreement ("Third Settlement Motion"), ECF No. 20, filed May 18, 2026.
[2] Declaration of Sally J. Abrahamson ("Abrahamson Dec.") ¶ 7, ECF No. 5-3, filed Jan. 13, 2026.
[3] *Id.*
[4] *Id.*
[5] *Id.*

1

The parties submitted their first Stipulated Motion to Approve Settlement on January 13, 2026.[6] After reviewing the first motion and the proposed Settlement Agreement, the court concluded that the parties had demonstrated the existence of a bona fide dispute, that the proposed agreement was fair and reasonable, and that the request for attorney fees was reasonable.[7] However, the court noted that the parties' proposed notice and opt-in process raised procedural concerns under 29 U.S.C. § 216(b) because it asked the court to approve the settlement agreement before any prospective collective members received notice or opted in.[8] The court also found that the parties had not sufficiently demonstrated that the proposed collective members were similarly situated.[9] The court denied approval on these grounds.[10]

The parties submitted a Renewed Stipulated Motion to Approve Settlement on March 2, 2026.[11] After reviewing the proposed agreement, the court found that the proposed collective members were similarly situated for purposes of an FLSA settlement.[12] However, the parties still proposed a process that would certify the settlement prior to any members receiving notice or opting in.[13] The court again denied conditional approval based on these procedural concerns.[14] The parties now seek preliminary approval of their proposed agreement for the third time.[15]

---

[6] Stipulated Motion for Approval of FLSA Settlement Agreement ("First Settlement Motion"), ECF No. 5, filed Jan. 13, 2026.

[7] Order Denying Stipulated Motion for Settlement Agreement ("First Order") 3–8, ECF No. 11, entered Jan. 30, 2026.

[8] *Id.* at 9–10.

[9] *Id.* at 9.

[10] *Id.* at 9–10.

[11] Renewed Stipulated Motion for Approval of FLSA Settlement Agreement ("Second Settlement Motion"), ECF No. 12, filed Mar. 2, 2026.

[12] Order Denying Renewed Stipulated Motion for Settlement Agreement ("Second Order") 4–5, ECF No. 17, entered Apr. 16, 2026.

[13] Second Settlement Motion 1.

[14] Second Order 9.

[15] *See* Third Settlement Motion.

## STANDARD

The FLSA authorizes plaintiffs to bring a collective action for overtime wages on behalf of "themselves and other employees similarly situated."[16] "Unlike in a class action under Federal Rule of Civil Procedure 23, parties are added to and bound by a FLSA collective action on an 'opt-in' rather than 'opt-out' basis."[17] Courts undertake a three-step inquiry when determining whether to approve an FLSA settlement agreement.[18] To determine whether a proposed agreement should be granted court approval, the court must determine (1) "whether the settlement resolves a *bona fide* dispute," (2) whether the settlement is "fair and reasonable to all parties concerned," and (3) whether the settlement contains a "reasonable award of attorneys' fees."[19]

## DISCUSSION

### I.    FLSA Requirements

In its previous orders, the court concluded that the parties' proposed settlement satisfies each of the three conditions listed above[20] and involves proposed collective members who are similarly situated.[21] The parties have made some amendments to the proposed settlement agreement.[22] However, these amendments primarily address additional notice procedures necessary to comply with the court's previous orders.[23] Having reviewed the amended settlement

---

[16] 29 U.S.C. § 216(b).

[17] *Pichler v. Cotiviti, Inc*, No. 2:23-CV-0884-AMA, 2024 WL 3089897, at *3 (D. Utah 2024); *see also* 29 U.S.C. § 216 (b).

[18] *Bingham v. doTERRA Int'l, LLC*, No. 2:23-CV-00707-DBB-DBP, 2025 WL 1474036, at *1 (D. Utah May 22, 2025).

[19] *Keel v. O'Reilly Auto Enters., LLC*, No. 2:17-CV-667, 2018 WL 10509413, at *2 (D. Utah May 31, 2018) (emphasis in original); *see also Bingham*, 2025 WL 1474036, at *1.

[20] First Order 8.

[21] Second Order 4–5.

[22] *See* Amended Settlement Agreement, ECF No. 20-1, filed May 18, 2026.

[23] *See id.*

3

agreement, the court concludes that its earlier three-step analysis applies and that the amended agreement satisfies the conditions for FLSA settlement.

## II.    Opt-In Process

Section 216(b) allows employees to maintain an FLSA action "on behalf of other employees similarly situated."[24] However, the statute also provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."[25] Under the amended settlement proposal, the parties agree to distribute notice and opt-in forms to eligible collective members within two weeks after preliminary approval.[26] The notice form informs potential collective members about the lawsuit, the settlement, their options under the FLSA, and how they can participate.[27] The opt-in form allows potential collective members to join the settlement via mail, email, or through a scannable QR code.[28] Eligible collective members will have sixty days after notice is distributed to opt in to the settlement agreement.[29]

"The purpose of FLSA notice procedures is to ensure that employees receive 'accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.'"[30] The court concludes that the parties' proposed notice methods here satisfy that purpose. The notice and opt-in forms provide sufficient notice of the substance of the settlement agreement, the process for joining, and collective

---

[24] 29 U.S.C. § 216(b).

[25] *Id.*

[26] Amended Settlement Agreement 8–9.

[27] *See* Notice Form, ECF No. 20-3, filed May 18, 2026.

[28] *See* Consent to Join Form, ECF No. 20-4, filed May 18, 2026.

[29] Amended Settlement Agreement 9.

[30] *Cook v. Dava Mktg., LLC*, No. 2:23-CV-00632-DBB, 2025 WL 3514441, at *4 (D. Utah Dec. 8, 2025) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

members' rights. The court also finds that slightly increased settlement administration costs are reasonable considering the additional notice step.[31] Accordingly, the proposed settlement agreement and notice procedures are approved.

**ORDER**

The parties' [20] Stipulated Motion for Approval of FLSA Settlement Agreement is GRANTED.

Signed June 23, 2026.

BY THE COURT

_____
David Barlow
United States District Judge

---

[31] *See* Third Settlement Motion 4.